Ruffin, Chief Justice.
 

 Gabriel Waggoner made his will in 1825 and died. By it he devised
 
 to his wife Mary the
 
 plantation on which he resided, for her life, and also bequeathed to her for life six slaves, by name, and the use of his stock hf every kind, and his household and kitchen furniture; and, after her death, he gave five of
 
 the
 
 said
 
 negroes
 
 by- name and their increase to Nancy Waggoner, one of his daughters, and the remaining negro called Hannah, and all the stock, household and kitchen furniture and all other property there found that is not named in this will” to the testator’s two daughters, Nancy Waggoner and Winifred Blackburn, the wife of William Blackburn. John Holland and George Fulse are the executors, and took probate of the will. In 1829, Nancy, the daughter, died intestate, and without having been married. She left surviving her Mary her mother, and her sister Winifred Blackburn, and also the
 
 *287
 
 issue of a deceased sister, named Susannah Madeiras, who were Thomas Madeiras and Alfred Madeiras, sons of the said Susannah, deceased, and Louisa Barron and Susannah Barron, which Louisa and Susannah were the children Betsey Barron, a daughter, then deceased, of the said Susannah Madeiras. William Poindexter took administration of the estate of the intestate Nancy. In 1839, Mary, the widow, died intestate, and at her death she left, surviving, her daughter Mrs. Blackburn, and her grand-children and great grand-children above mentioned, namely Thomas Madeiras and Alfred Madeiras, the sons of her deceased daughter Susannah Madeiras, and Louisa Barron and Susannah Barron, the daughters of the said Betsey Barron, deceased. William Poindexter also took administration of the estate of Mary, the widow.
 

 It does not appear that, at the death of the widow, any of the stock or furniture which were given to her for life, remained specifically. But she left on the plantation a crop raised or growing thereon, and also stock purchased by her or the product of that given to her by the testator. Those articles the executors of her husband claim;' to be sold and disposed of under the will, namely, to be equally divided between Mrs. Blackburn and the representative of- Nancy Waggoner. But Poindexter sold the same as administrator of Mary, the widow, and holds the proceeds for distribution amongst her next of kin.
 

 After the death of Mrs. Waggoner, Poindexter^ istrator of Nancy Waggoner, also sold queathed in remainder to her with their < the proceeds subject to distribution, then also sold the negro Hannah, whic mainder to the daughters Nancy and Win
 

 To Mrs. Blackburn Thomas Madeiras tribu tive share of the estate of his deceálfea'^ea^kYancy Waggoner, and to Philip Barron he assigned his share of the estate of his deceased grandmother. William Blackburn, the husband of Winifred, died in 1833 intestate, and administration on his estate was granted to John Blackburn- and Madison Blackburn. They now claim the legacy
 
 *288
 
 given by the testator to Mrs. Blackburn, and also her distribative share
 
 in her
 
 sister Nancy’s estate, as having vested
 
 m
 
 their intestate as husband; whereas she claims each as survived to her.
 

 The bill is filed by Holland and Fulse, the executors of Gabriel Waggoner, and by Poindexter, as administrator of his two intestates against Mrs. Blackburn and the administrators of her late husband, dnd also against Alfred Madeiras and Philip Barron, and against Susannah Barron and Louisa and her husband John
 
 Lowry; praying
 
 that it may be declared,
 
 first;
 
 to which estate the crop and stock left at the death of Mrs. Waggoner belongs, that of herself or of the testator; secondly, whether the legacy and distributive share of Mrs. Blackburn belong to her or to the administrators of her late husband; thirdly, who are the next of kin of Nancy Waggoner, deceased, and in what proportions they take, and particularly whether her mother, Mary, was entitled to any and what part of her estate, and whether Susan-nah Barron and her sister Louisa are entitled to any and what part thereof;
 
 fourthly,
 
 who are the next of kin of Mary Waggoner, deceased, and in what proportions; and, particularly, whether the said Susannah Barron and Louisa are entitled to any and what part of her estate. The defendants have answered, and submit to any decree the court may deem just.
 

 There seems to be so little difficulty in solving the questions propounded in the bill, that we are somewhat at a loss for a reason for its having been filed.
 

 The most important point, in its consequences to the parties, is that between Mrs. Blackburn and her husband’s administrators, and upon that there is no doubt. A legacy given to a married woman, or a distributive share falling to her during coverture, and not received by the husband or disposed of by him in his lifetime, survives to the wife.— These points have been so recently ruled by us, that we need only refer to the cases of
 
 Revel
 
 vs.
 
 Revel, 2
 
 Dev. & Bat.
 
 272.
 
 — Hardie vs.
 
 Cotton,
 
 at the last Term. The administrators of the husband can get nothing in.the premises.
 

 Any of the articles given specifically by the testator, and
 
 *289
 
 remaining in specie at the death of the widow, Mary, belong to the daughters Nancy and Winifred, under the will. But the increase of stocks of horses, cattle and so forth, belong to the tenant for life; and so do also the crops left by her as the fruits of her industry, and likewise the growing crops, as emblements. The proceeds of all these articles are to be distributed, in the course of administration, amongst Mrs. Waggoner’s next of kin. Those next of kin are the intestate’s daughter and only surviving child, Mrs. Blackburn, to whom one half of her mother’s estate belongs; her grandson Thomas Madeiras and Alfred Madeiras, to each one-third of one moiety; and her great-grand-daughters, Louisa and Susannah, one-third of one moiety between them, or to each one-sixth thereof. These persons all represent Betsey, a deceased daughter of the intestate Mary. By the act of 1766, c. 79, (Rev. St. c. 64, s.
 
 1,)
 
 lineal representation is unrestricted; and therefore all lineal descendants of an intestate succeed to shares of the estate, subject to the proviso, that if the kindred be of unequal degrees, then those more remote must claim by representation; and all the children of a deceased person can, together, get only what the parent, if alive, would have taken.
 

 But by the act of 1766, no representatives are admitted amongst collaterals after brothers’ and sisters’ children. Consequently Susannah Barron and Louisa her sister take no part of the estate of the intestate Nancy Waggoner.
 
 Pett
 
 vs.
 
 Pett,
 
 1 Salk. 250, 1 L’d Raymond 571. By the express terms of the last provision in the act, the previous right of the mother, after the death of the father, to succeed to the whole estate of a child, dying without wife or child, is cut down to an equality with every brother and sister, and the representative of them. So that, Nancy’s estate is divisible into three shares; of which one belongs to the administrator of her mother; one belongs to her sister, Mrs. Blackburn; and the remaining one third belongs to her two nephews, Thomas and Alfred Madeiras, as representing their mother, equally to be divided between them. Of course the original shares of Thomas Madeiras belong to his respective assignees, as stated in the pleadings.
 

 
 *290
 
 The costs of the complainants respectively in this suit must be paid out of the assets in their hands respectively, and each defendant must pay his or her own costs.
 

 Per Curiam. Decree accordingly.