ROSWELL C. PECK *vs.* DANIEL PECK AND OTHERS.

The statute with regard to summary process for recovering possession of leased premises provides that any person entitled to the reversion or remainder may upon the death of a tenant for life bring the process against his lessee.   A complaint averred that the complainants were "interested in the reversion" of such an estate and prayed that judgment might be rendered "for the complainants as such reversioners to recover possession."   Held, on demurrer, that it sufficiently appeared that the complainants were entitled to the reversion of the leased premises.

WRIT OF ERROR to reverse a judgment of a justice of the peace upon a proceeding in summary process to recover possession of leased premises, brought to the Superior Court in Middlesex county.   The court (*Phelps J.*) affirmed the judgment of the court below and the record was brought before this court by motion in error.   The case is fully stated in the opinion.

*Clark* and *L. L. Phelps*, for the plaintiff in error.

*Day,* for the defendants in error.

CARPENTER, J.   The complaint avers that the complainants "are interested in the reversion of the estate of Ezekiel Y. Peck," deceased, that Lucretia Peck was the widow of the

said Ezekiel, and the tenant in dower of a portion of the estate therein described, and that the said Lucretia, as such tenant, leased the property described to the said Roswell C. Peck. It then avers the death of the said Lucretia, notice to the lessee, &c., and concludes by praying "that judgment may be rendered for the complainants, *as such reversioners,* to recover possession, &c." To this complaint there is a general demurrer; and the ground of the demurrer is, that there is not sufficient interest disclosed in the complainants to entitle them to maintain the action.

The statute provides that, in such cases, "any person entitled to the reversion or remainder" may proceed against the lessee by summary process. It is not averred directly that the complainants were the owners of the reversion; but we think it sufficiently appears that they were such owners. The averment that they were "interested" in the reversion is perhaps ambiguous. It may mean that they were reversioners, or that they were interested in the estate in some other way. But conceding that averment to be defective, we think the concluding paragraph in the complaint, in which they are described "as such reversioners," supplies the defect. From the whole complaint no one would fail to understand that the complainants were the owners of the reversion; and we think that is sufficient upon general demurrer, especially in a proceeding like this.

There is no error in the judgment complained of.

In this opinion the other judges concurred.