# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1886, IN THE SEVENTY-
FIRST YEAR OF THE STATE.

No. 12,866.

HENRY, ADMINISTRATOR, v. STEVENS.

PLEADING.—*Allegations of Title, General and Specific.*—A general allegation of title is controlled by the specific facts pleaded.

SAME.—*Scope and Tenor.*—A pleading is to be judged from its general scope and tenor.

FRAUDULENT CONVEYANCE.—*Valid Between Parties.*—A fraudulent conveyance is valid between the parties.

DEED.—*Parol Evidence Can Not Defeat.*—The conveying part of a deed can not be overthrown by parol evidence.

REAL ESTATE.—*Possession of Grantor Not Adverse to Grantee.*—The continued possession of a grantor can not be adverse to his grantee.

RENT.—*Demise by Life Tenant.*—*Death During Term.*—Where a lessor, who is a life tenant of the land demised, dies before the lease has expired, his representative may recover rent which had accrued prior to his death.

From the Fayette Circuit Court.

*R. Conner* and *H. L. Frost*, for appellant.

*J. I. Little* and *C. Rochl*, for appellee.

(281)

ELLIOTT, C. J.—This action was commenced by the appellant before a justice of the peace, and is founded on a promissory note executed by the appellee to James D. Henry, guardian of Wells Stevens. The appellee filed an answer alleging that the note was executed in payment of rent due the ward of appellant; that the rent for which the note was executed was for the term of one year; that before the expiration of the year for which the land was demised, Wells Stevens died; that he was the owner of a life-estate only in the land; that this estate terminated at his death; that the plaintiff was entitled to the rent which accrued prior to his death, to wit, $120, and that of this sum the defendant had paid $100. For the rent unpaid the defendant offered to confess judgment. The case was certified to the circuit court, and there the appellant filed a reply setting forth, in substance, these facts: That on the 6th day of April, 1861, Wells Stevens executed to the defendant a deed for the land in controversy; that the deed was executed for the purpose of defrauding the grantor's creditors; that it was the agreement between the parties that no title to the land should pass by the deed; that Wells Stevens had open and notorious possession of the land at the time the deed was executed and held such possession, under claim of title, until the day of his death, and that the defendant never had any interest in the land.

We think the court did right in sustaining a demurrer to this reply. It is not good as a denial, for it is well settled that a general allegation of title is controlled by the specific facts pleaded, and that a pleading is to be judged from its general scope and tenor, and not by the fugitive denials cast into it. *Reynolds* v. *Copeland*, 71 Ind. 422; *Neidefer* v. *Chastain*, 71 Ind. 363 (36 Am. R. 198); *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195, and authorities cited p. 198; *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Louisville, etc., R. W. Co.* v. *Schmidt*, 106 Ind. 73, see p. 74.

It is not good because of the averment that the deed was

executed to defraud creditors, for it is perfectly well settled that a fraudulent conveyance is valid between the parties. *Second Nat'l Bank* v. *Brady*, 96 Ind. 498; *Edwards* v. *Haverstick*, 53 Ind. 348; *State Bank* v. *Davis*, 4 Ind. 653.

It is not aided by the averment of the mutual agreement between the parties, because the conveying part of a deed can not be overthrown by parol evidence. *Bever* v. *North*, 107 Ind. 544.

It is not made good by the general allegation of possession, because the continued possession of a grantor can not be adverse to his grantee. *Ronan* v. *Meyer*, 84 Ind. 390; *Record* v. *Ketcham*, 76 Ind. 482; *Rowe* v. *Beckett*, 30 Ind. 154.

At common law, where the rent was payable as an entirety, and the demise was by the owner of a life-estate, his death terminated the right to recover any rent at all, but this rule is so changed by the statute as to permit a recovery of the rent which accrued prior to the lessor's death. Taylor Landlord and Tenant, section 389; R. S. 1881, section 5223.

All that the appellant was entitled to recover was the unpaid rent which had accrued prior to the death of Wells Stevens.

Judgment affirmed.

