EMMA I. CARMAN v. WILLIAM MOSIER AND ELIZABETH
MOSIER, Appellants.

**Life Tenant:** LEASE FROM. The lessee of land from a life tenant has
no further right of occupation where the lessor dies when there
are no growing crops.

*Appeal from Fremont District Court.*—HON. N. W.
MACY, Judge.

THURSDAY, MAY 12, 1898.

SUIT in equity to recover for the use and occupation
of land, to restrain the defendants from selling or
removing the crops growing thereon, and to establish
a lien for the amount of the judgment upon said crops
and the other personal property used upon the premises.
The defendants pleaded that they rented the land from
a life tenant for the year beginning March 1, 1896,
and ending March 1, 1897, upon condition that they
support, feed, clothe, and care for the said tenant, who
was old and helpless; that they thereupon entered upon
the use and occupation of the land, grubbed it out, and
prepared it for cultivation as best they could; that
after they had taken possession, and on or about April
11, 1896, the life tenant died. They therefore denied
plaintiff's right to recover for use and occupation of the
land. The case was tried upon an agreed statement
of facts, resulting in a judgment and decree finding that
plaintiff was entitled to one-half the corn grown upon
the land. Defendants appeal.—*Affirmed.*

*W. E. Mitchell* for appellants.

*William Eaton* for appellee.

DEEMER, C. J.—Appellee is, and has been for many years, the owner in fee simple of the land occupied by the defendants. Sarah Schutter, the mother of appellee and of appellant, Elizabeth Mosier, was possessed of a life estate in these lands from June, 1888, to the date of her death, April 11, 1896. Appellant, William Mosier, the husband of his co-defendant, rented the premises from the life tenant for the year beginning March 1, 1896, agreeing for the use thereof to clothe, board, and care for the life tenant during the term of the lease. Mosier entered into possession of the premises, hauled manure, and prepared the land for seeding prior to the death of the life tenant, and thereafter raised a crop of corn thereon. Appellants were at all times ready and willing to comply with their contract, and furnish their lessor as agreed, provided she would live with them, but for some reason,—not due to any fault of appellants, however,—she was cared for by other parties until her death, in April. Emma Carman and Elizabeth Mosier are the sole and only heirs and personal representatives of the life tenant.

These are the material facts gathered from the agreed statement, and it need only be added that the parties also agreed that, if the court found plaintiff entitled to recover, she should have one-half of the corn grown upon the premises or the value thereof, to be protected in the manner as finally decreed by the trial court.

In order that appellee may recover, she must show that, as owner of the reversion, she is entitled to compensation for the use and occupation of the land, or that as an heir, or as one of the personal representatives of the deceased life tenant, she is entitled to some part of the rent reserved. It will be observed that the consideration for the lease was an agreement to support the lessor during the term of the lease, and that appellants

performed their obligation, so far as they were able to
do so. Now, it is probably true that the death of the
lessor relieved them of any further obligation as to
her. But this conclusion by no means settles the con-
troversy, for the general rule seems to be that upon the
death of a tenant for life all interest of his lessee ceases.
*Page v. Wright*, 14 Allen, 182; *Hoagland v. Crum*, 113
Ill. 365; *Peck v. Peck*, 35 Conn. 390; 1 Washburn, Real
Property (3d ed.) p. 105. Such lessee has no greater
rights than his lessor, and the estate acquired by him is
subject to be defeated by the death of the tenant for
life. A tenant for life, or any other tenant whose estate
is of uncertain duration, has the right to emblements.
These are defined to be the profits which the tenant of an
estate is entitled to receive out of the crops which he
has planted, and which have not been harvested, when
his estate terminates. Under this term are included, as
a rule, only such products of the soil as are of annual
growth and cultivation. In the case of *Reilly v. Ring-
land*, 39 Iowa, 106, it is said: "It is a broad and almost
universal principle that the tenant who sows a crop
shall reap it, if the term of his tenancy be uncertain.
In order to entitle a tenant or his executor or adminis-
trator to emblements, his tenancy must be uncertain in
its duration. In the next place, the tenancy must be
determined by act of God. One of the imporant rights
of a tenant for life is this right to emblements or profits
of the crop which the law gives him, or his executor,
if he be dead, to compensate for the labor and expense
of tilling and sowing the land." In the case before us
the tenancy was terminated by act of God, but it does
not appear that the life tenant, or his lessee, had planted
any crops at the time the estate terminated; and, as the
right to emblements seems to be based upon the sowing
or planting of the crop, the tenant had no right to use
and occupy the land under his lease. If the estate is

terminated before the seed is actually sown, there will be no right of emblements. Nor can the cost of preparing the ground for the reception of the seed be recovered. *Lane v. King*, 8 Wend. 584; *Price v. Pickett*, 21 Ala. 741; *Thompson's Adm'r v. Thompson's Ex'r*, 6 Munf. 514; *Gee v. Young*, 2 N. C. 17. As appellants had not planted the corn which they now seek to hold under the rule relating to emblements, their estate terminated with the death of their lessor, and they are liable to the reversioner or remainder-man for the use and occupation of the premises. The rule at common law seems to have been that the reversioner was entitled to the entire rent, but this was cured by statute (Code 1873, section 2011), which provides for the apportionment of the rent. See, also, Code, section 2988. As the parties have agreed, however, upon the amount of the recovery, we have no occasion to construe this section, or to attempt to apply it to the facts of this case. The mere fact that appellants have paid the rent for the full term is not controlling. Their estate was liable to be extinguished at any time by the death of their lessor, and when so extinguished they had no further right of occupation, unless to reap what they had sown. As they had sown nothing, they became liable for use and occupation during the remaining period of the lease. The judgment of the trial court is right, and it is AFFIRMED.