3111, 3122.  MITCHELL *v.* RUTHERFORD, and *vice versa.*

1. Where a life-tenant rents land for the year, taking a negotiable promissory note for the year's rent, and transfers it for value to a third person, and dies during the year without collecting any of the rent from the undertenant, the transferee of the rent note ordinarily has the right to collect the full amount of the note from the undertenant.

2. Where a negotiable rent note is transferred by the life-tenant to secure the payment of a debt which he owes to the transferee, and the life-tenant dies during the year, the transferee ordinarily has the right to recover the full amount due on the note, accounting to the remainderman for any excess of the note over his debt.

3. Where an undertenant who gives a rent note is also entitled to the rented land as remainderman, and the transferee of the rent note brings suit thereon against him, the defendant has the right to show that the note was transferred by the life-tenant as collateral security, and that the rent note exceeded the amount of the debt which it was transferred to secure, and to limit the recovery by the transferee to the actual amount of his debt against the life-tenant.

4. The principles of law announced in the foregoing headnotes were given in charge to the jury.  The evidence was in conflict as to the amount of the indebtedness which the rent note was given to secure, and the verdict will not be disturbed.

DECIDED SEPTEMBER 23, 1911.

Complaint—appeal; from Greene superior court—Judge Lewis. December 29, 1910.

*W. O. Mitchell, James Davison,* for plaintiff.

*Samuel H. Sibley,* for defendant.

HILL, C. J.   Dickinson, who had a life-estate in land, rented the land to the remainderman, Rutherford, taking his two negotiable rent notes for the year 1908, and Rutherford went into possession as undertenant.   The life-tenant died January 20, 1908, before any part of the rent was due.   He was indebted to Mitchell for money advanced to him, and on an account, and, to secure this indebtedness, he transferred to Mitchell the two negotiable rent notes.   When these notes matured, Mitchell brought suit against Rutherford, claiming that he was entitled to recover the full amount of the notes, first, because he held them as an innocent purchaser for value before due, and further because the amount of the indebtedness which he held against Dickinson was greater than the amount of the notes transferred to him as collateral security.   It was conceded that there was no rent due to the estate of the life-tenant, none of the rent having accrued at the date of his death. Rutherford filed a defense, in which he claimed that the rent notes were transferred to Mitchell simply as security for the indebtedness of the life-tenant to Mitchell and that the amount of the notes exceeded the amount of this indebtedness, and that he was entitled to this excess as remainderman.   There was conflict in the evidence as to the amount of the indebtedness secured by the transfer of the rent notes.   The jury solved the conflict by finding that Mitchell was entitled to recover $100, with interest and attorney's fees, as the actual amount of this indebtedness.   Mitchell made a motion for a new trial, which was overruled, and he brings error.

Under the provisions of our Civil Code (1910), § 3669, as construed by this court in *Story* v. *Butt,* 2 *Ga. App.* 119 (58 S. E. 388), and *Butt* v. *Story,* 5 *Ga. App.* 540 (63 S. E. 568), where a life-tenant rents land for the year, taking for the rent a negotiable promissory note, and transfers it for value to a third person, and dies during the year, and none of the rent has accrued to the life-tenant and none has been collected by him, the transferee of the rent note would ordinarily have the right to collect the full amount of the rent note from the undertenant.   But where this rent note is transferred by the life-tenant to secure the payment of a debt

which the life-tenant owes to the transferee, and the life-tenant dies during the year and before any of the rent has accrued to him, the holder of the note would ordinarily have the right to recover from the undertenant the entire amount due on it, accounting to the remainderman for any excess in the amount of the rent note over the debt which he holds against the life-tenant and which was secured by the transfer of the note. In this case, the undertenant, Rutherford, being also the remainderman, was entitled to any excess in the rent notes after the full amount of the debt held by the transferee against the life-tenant had been paid therefrom. *Butt* v. *Story,* supra; *Hatcher* v. *Independence National Bank,* 79 *Ga.* 547 (5 S. E. 111). Therefore, when Mitchell, as transferee of the rent notes, brought suit thereon, the remainderman, Rutherford, who was also the undertenant and the maker of the notes, had the right to contest in that suit Mitchell's right to the full amount of the notes, and to limit the recovery by Mitchell to the actual amount of the indebtedness which the life-tenant owed him. Mitchell would only have the right, the notes having been transferred to him as collateral security, to recover on the notes the amount of this indebtedness. He would not be entitled to more than this amount, since he did not buy the notes outright, but received them as collateral security for the indebtedness. And Rutherford, the remainderman, would be entitled, under the law, to any excess in the notes over this indebtedness; and, as he had been sued by Mitchell on the notes, he had the right in that suit to set up his claim to the excess in the rent notes, and if he proved that there was an excess, to have Mitchell's recovery limited accordingly. This we think not only to be the law, but the plain equity and justice of the case. The evidence was in conflict as to the amount of Mitchell's claim against the life-tenant. The jury settled that conflict by giving Mitchell a certain amount in their verdict against Rutherford; and as there was no legal error committed by the trial court, this court will not disturb the verdict.

*Judgment affirmed, on both bills of exceptions.*