MRS. JOSEPHINE HAWKINS v. J. H. McCALL, Admr., et al.

Western Section. March 2, 1928.

J. T. Peeler and McCall & Browning, of Huntingdon, for appellee.
Maddox & Maddox, of Huntingdon, for appellant.

OWEN, J. The defendant administrator has appealed from a decree rendered against him in favor of the complainant, being a money judgment. Complainant insisted that she owned the remainder interest in a certain storehouse and lot in the town of Huntingdon, Tennessee, occupied by one W. M. Huddleston. The complainant and the defendant administrator are sister and brother, and they are the children of Dr. J. W. McCall, who died on the 2d of August, 1923 at his home in said town of Huntingdon at the advanced age of more than ninety-one years. Dr. McCall owned a life estate in the storehouse. He had made a deed prior to his death, reserving a life estate in said storehouse, to the complainant Josephine Hawkins. Dr. McCall leased this storehouse at $40 per month for a period of five years and only about two years of the lease had expired at the time of his death. On August 13, 1923, J. W. McCall and two other children of Dr. J. W. McCall, filed a bill against Mrs. Josephine Hawkins, these four being the only children of Dr. J. W. McCall. 

The bill sought to have the deed from J. W. McCall for said storehouse occupied by Huddleston set aside, on the ground of its being procured through fraud and undue influence. It also sought to set aside other conveyances made by Dr. McCall, sought a partition of several tracts of land and several houses and lots owned by Dr. Mccall, Josephine Hawkins was enjoined by the filing of said bill from

disposing of said property owned by her, and complainants sought to have her deeds canceled and held void. The Huddleston property had been rented for $40 per month. Dr. McCall had left twenty-eight of Huddleston's unpaid notes of $40 each in the Bank of Huntingdon, Tennessee. J. W. McCall qualified as administrator shortly after the death of his father and he directed the Bank of Huntingdon to collect said notes, but to turn the proceeds over to him as administrator.

The pleadings and the decree in the case of McCall and his two sisters against Josephine Hawkins was made a part of the transcript in the instant case.

On February 9, 1926, Chancellor T. C. Rye entered a final decree in the case of McCall et al. v. Mrs. Josephine Hawkins, and among other things he held that the deed of Dr. McCall to Mrs. Josephine Hawkins for the Huddleston storehouse was a good and valid deed; that the deed conveyed a good and valid title to Mrs. Josephine Hawkins, subject to the life estate of her father Dr. McCall, and that she was entitled to the rents from and after the death of her father. Thus it will be seen that all of the notes of Huddleston had matured and been paid before the final decree was entered declaring that Mrs. Hawkins had a good and valid deed to the Huddleston storehouse.

The decree in the case of McCall et al. v. Mrs. Hawkins, was not appealed from. After the time for appeal had expired Mrs. Hawkins made a demand upon the administrator for her rents, which demand he refused, with the result that the suit in the instant case was instituted. Defendant denied that complainant was entitled to any recovery. The Chancellor held that the defendant was liable for the rents that he had collected, less a credit for any taxes, insurance and repairs. The defendant had collected $1160. He had paid out of this sum, as evidenced by proper vouchers, $335.60. The Chancellor decreed that the estate was entitled to two days' rent for the month of August, 1923, Dr. McCall having died on the second day of August of that year. The Chancellor fixed the amount of the judgment or decree against the defendant at $852.63. He included interest on the net amount due, fixing the interest from the date of the final decree, February 9, 1926, which was rendered in the case of McCall et al. v. Mrs. Josephine Hawkins. The defendant excepted to the decree and prayed and perfected an appeal to this court and has assigned seven errors.

There is no dispute as to the facts in this case. The rent notes that Huddleston gave to Dr. McCall were not negotiable. They showed that they were for the rent of a certain storehouse; that they were to be void in case the storehouse was destroyed by fire, storm or cyclone. The proposition made by the seven assignments of error is this: It is insisted that these rent notes, having been taken by Dr.

McCall during his lifetime passed to his personal estate and that the complainant was not entitled to the proceeds of said notes.

It is insisted that the Chancellor's action in decreeing in the former suit that Mrs. Hawkins was entitled to the rents of said storehouse was coram non judice. We are of opinion that the decree is immaterial in the instant case. However, we commend the Chancellor in making the pronouncement that he made. Mrs. Hawkins was entitled to the rents. She had been enjoined from having anything to do with the storehouse from August, 1923 to February, 1926, a period of two and a half years, and no doubt the Chancellor thought that he could avoid a lawsuit by holding as he did.

The question to be determined, and which settles this controversy, is whether or not Dr. McCall, the life tenant, could rent the storehouse beyond the period of his life. In Arnold v. Hodges, Admr., 10 Humph., p. 39, decided at Knoxville in 1849, the Supreme Court of Tennessee held that upon the death of the husband who has a life estate in his wife's hands, the wife becomes at once entitled to the lands, and if the husband has leased the lands for the year, and his personal representative collects the rents which accrue after the husband's death, he will be liable to the widow therefor. The court further held that when the life estate terminated that the remaindermen who became possessed of the fee could put an end to the payment of rent altogether or the tenant may affirm and take the benefit of the rents. This principle has been followed in this State since the decision in Arnold v. Hodge, supra. One of the later cases in Tennessee is that of Turner v. Turner, 132 Tenn., 592, 179 S. W., 132, which approved the holding in Arnold v. Hodge, supra; and Collins v. Crownover, Chy. App., 57 S. W., 357; Hoagland v. Crim, 113 Ill., 363, and Carmen v. Mosier, 105 Iowa, 367.

Shannon's Code, section 4183, provides: ''Where a tenant for life of real estate shall create a lease out of his said estate for one or more years, and shall die before the expiration of said lease, and before the term fixed for the payment of the rent, the rent may be apportioned, and the executor or administrator of said estate for life may recover of the lessee pro rata, according to the contract, and for the time said lessee had the use of the property until the death of said tenant for life.''

This section of the Code is chapter 159, Acts of 1877, and was passed subsequent to the decision in Arnold v. Hodges, supra.

We hold that the lands collected by the administrator from Huddleston, which rents accrued after the death of Dr. McCall, were wrongfully collected and the administrator is liable to the complainant for the same.

There is no error in the decree of the Chancellor. The assignments of error are all overruled and disallowed and the decree of the lower court is affirmed. The complainant will recover of the defendant the

amount of the judgment rendered in the lower court, with interest thereon, and all the cost of the cause, said judgment being against the defendant as the administrator and his surety on his bond as administrator, the United States Fidelity & Guaranty Company, for which execution will issue. Execution will also issue against the defendant James H. McCall, Administrator and the New Amsterdam Casualty Company, surety on appeal bond to the extent of $250, the amount of said appeal bond.

Heiskell and Senter, JJ., concur.