31292.   CAMPBELL *v.* BARNARD, administratrix, *et al.*

Decided September 12, 1946.    Rehearing denied September 27, 1946.

274

*John M. Slaton,* for plaintiff.

*Augustine Sams, Sam G. Dettelbach,* for defendants.

PER CURIAM. ■ The will of Fannie V. Collier created a life estate in certain realty in favor of her husband, Joseph M. Collier, and provided that he was to have "the rentals thereof, after paying all expenses, including loans, taxes, insurance and repairs on the building, for and during his natural life. . ." In construing this provision of the will, the trial judge held that the principal of a loan placed on the premises prior to the creation of the life estate was not an expense of the life estate, it not appearing that the loan matured during the life of the holder of the life estate. We think this construction was the proper one to be placed on this item of the will. It is well-settled law that a life estate may be created by a will (Code, § 85-602), and that a tenant for life is entitled to the full use and enjoyment of the property if in such use he exercises the ordinary care of a prudent man for its preservation and protection. Code, § 85-604. As a general rule, "in a life estate, the tenant is entitled to have the possession of the property for his own enjoyment; and all that the remainderman can require of him is that the 'corpus' of the property shall be kept in preservation, to be delivered to him on the termination of the life estate." *Bowman* v. *Long,* 26 *Ga.* 142, 146.

In the present case, Joseph M. Collier was, under the provisions of the will of his wife, the holder of a life estate in the premises with the right to receive the rentals therefrom, after paying the expenses incidental to the care and maintenance of the property. Such expenses would not, in the absence of such an intent or direction on the part of the testatrix, include the unmatured principal of a loan placed on the property prior to the creation of the life

estate. In this connection, see 31 C. J. S. 63, 64, Estates, § 48, "A life tenant is under no obligation to pay off the principal of an encumbrance;" and 33 Am. Jur. 995, 996, Life Estates, Remainders, etc., § 461, "The owner of a life interest in property is not compelled to pay the principal sum or debt of an encumbrance when it becomes due or thereafter, as between himself and the owner of a future interest." Under a proper construction of the will in the present case, the unmatured principal of the loan placed on the property before the creation of the life estate was not chargeable to the life tenant as an expense of the life estate, and the trial judge did not err in so holding and in sustaining the general demurrer to this item and in striking it from the petition.

■ The trial judge erred in sustaining the general demurrer as to the sum of $48.67 paid by the plaintiff for the 1942 taxes on the property. Where a life estate, consisting of city property from which there could be no emblements, ends during the year for which an annual tax is assessed, the owner of such life estate, or his personal representative, is required to pay that proportion of such tax as the part of the year elapsed up to the ending of the life estate bears to the whole of such tax year. *Trust Co. of Ga. v. Kenny,* 188 *Ga.* 243 (3 S. E. 2d, 553). Since the petition in this case set out the amount of taxes which accrued against the property for the whole year and alleged the date upon which the life tenant died, the amount of taxes chargeable to the life tenant on that portion of the year which elapsed prior to his death was mathematically ascertainable and it was error to sustain the general demurrer as to the entire amount claimed by the plaintiff.

■ The petition failed to show that the items of $81.45 and $2.64 accrued or matured during the existence of the life estate, and the court did not err in sustaining the demurrers to these items and in striking them from the petition.

■ The petition set out a cause of action as to part of the amount sued for, as dealt with in paragraph 2 above, and the trial judge erred in sustaining the general demurrer thereto and in dismissing the petition.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232), this case was considered and decided by the court as a whole.

*Judgment reversed. Broyles, C. J., Sutton, P. J., MacIntyre, Gardner and Parker, JJ., concur.*

FELTON, J., dissenting.   I dissent from the judgment of reversal because in my opinion the remainderman, under the facts of this case, cannot sue at law for the breach of a contract to which he was not a party.