45597. FINNEY v. PAN-AMERICAN
FIRE & CASUALTY COMPANY.

BELL, Chief Judge. The insurance company brought this action for a declaratory judgment against the defendants, Finney, Rue and Walker L. P. Gas, Inc. Finney answered but the other defendants did not. Finney as party plaintiff had instituted a prior tort action against Rue for personal injuries suffered in an automobile accident involving a truck owned by Walker and operated by Rue. Plaintiff had issued a comprehensive automobile liability policy to Walker which was in effect at the time of the accident. Defendant Finney moved for summary judgment which was denied and the denial was certified for immediate review. Finney enumerates as error the denial of his motion for summary judgment and other adverse rulings.

1. Defendant Finney in his defensive pleadings alleged that plaintiff was estopped from proceeding with this action by reason of plaintiff's answering and undertaking the defense of the prior-personal injury action between Finney and Rue and moved to

dismiss on this ground. Plaintiff's complaint for a declaratory judgment alleged that the defense filed in the other case was pursuant to a notice to Rue disclaiming liability under the policy, a copy of which is attached to the complaint. This notice to Rue, who is alleged to be insured under the terms of the policy, was sufficient to avoid an estoppel. *State Farm Mut. &c. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191). The denial of the motion to dismiss on this ground was not error.

2. Defendant also filed a motion to dismiss for failure to state a claim upon which relief can be granted which was denied. The basis for the motion is twofold. First, the insurance policy is not attached to the complaint and, secondly, the complaint only raises issues of fact which do not come within the purview of the Declaratory Judgments Act. *Code Ann.* § 110-1101 et seq. There is no merit in either contention. The complaint meets all the requirements of Section 8 of the Civil Practice Act. *Code Ann.* § 81A-108. It alleges the terms of the policy and the facts upon which plaintiff relies for the relief sought and therefore places the defendant fairly on notice of its claim. Also the allegations of the complaint and the prayers for relief clearly bring it within the ambit of the Declaratory Judgments Act. There is an issue of fact in this case to be decided, but a determination of that issue relates to whether there is coverage under the insurance policy. Therefore this suit falls within the purposes of the Declaratory Judgments Act. See *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459); *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512 (160 SE2d 844).

3. Plaintiff's complaint was filed on January 16, 1970, and, among other things, prayed that the defendant be "restrained and enjoined" from prosecuting his suit against Rue until a final determination of the rights of the parties in the declaratory judgment action. On the same day and apparently without notice to defendant, the trial judge entered an order restraining and enjoining the defendant from further prosecution of his suit against Rue pending a final determination of the declaratory judgment action and ordered a hearing on February 5, 1970, to consider whether the restraining order should be continued. A hearing was held on the latter date and the trial

court ordered that "by consent of counsel" the restraining order was continued until a determination of the declaratory judgment action or until further order of court. The defendant after the entry of this order filed a motion to dissolve the restraining order. This motion was denied. On appeal he argues that the entry of the initial restraining order was not authorized as there was no compliance with Section 65 (b) of the Civil Practice Act, which as material here provides that no "temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Ga. L. 1966, pp. 609, 665; 1967, pp. 226, 240 (*Code Ann.* § 81A-165 (b)). The initial restraining order was not issued in compliance with Section 65 (b) as there is no affidavit or a verified complaint making the required factual showing. The Supreme Court in *Mar-Pak Michigan, Inc. v. Pointer,* 226 Ga. 189 (173 SE2d 206) held that failure of the applicant to comply with the conditions precedent in Section 65 (b) for the granting of a temporary restraining order without notice renders the issuance of the temporary restraining order "utterly void." While the initial ex parte restraining order was void, the question arises as to whether this ipso facto renders the subsequent order continuing the restraining order void so as to entitle the defendant to dissolution of the order enjoining him from proceeding further with his prior action. We think not. The subsequent order was granted after notice and opportunity to be heard and by consent of counsel. Although the second order is termed a continuance of the prior order, it was granted after notice and opportunity to be heard and had the effect of the grant of an interlocutory injunction under Section 65 (a) of the Civil Practice Act and Section 2 of the Declaratory Judgments Act. In addition, defendant consented to the issuance of the second order, and he cannot be heard to complain under these circumstances.

4. (a) One question raised is whether, at the time of the accident, the defendant Rue was an insured within the definition of that

term found in the policy of insurance. The applicable definition of an insured in the policy is as follows: "any other person while using an owned automobile . . . with the permission of the named insured, provided his actual operation is within the scope of such permission. . ." The evidence shows that Rue, employed by Walker as a truck driver, with the principal duty of delivering liquefied petroleum gas, had permission to operate automobiles owned by Walker in the course of his employment. On the date of the accident, Rue had driven Finney in his employer's truck from Jesup, Ga. to Ludowici. In Ludowici, Rue undertook to tow Finney's disabled automobile back to Jesup. Thereafter, with Finney riding in his automobile, the truck struck a railroad underpass which caused personal injury to Finney. Defendant Finney submitted evidence in support of his motion for summary judgment tending to show that this use of Walker's truck was within the scope of the permission granted. Plaintiff's evidence in opposition makes a contrary showing. Thus there is a genuine issue of material fact. The defendant's motion for summary judgment was properly denied.

(b)   Defendant enumerates as error the failure of the trial court to make an order pursuant to Section 56 (d) of the Civil Practice Act, specifying what facts appear to be without substantial controversy and those which are disputed. *Code Ann.* § 81A-156 (d). This enumeration has no merit. The rule embodied in Section 56 (d) has no application to this case. It is designed to cover situations where, in the particular case, the court makes a partial adjudication of some but not all of the issues present, as for example where there is more than one claim for relief and the movant is entitled to a favorable judgment on some of the claims but not others where there are disputed issues of fact necessitating a trial. See 3 Barron & Holtzoff, Federal Practice & Procedure, p. 187, § 1241. The defendant here sought a summary adjudication of this case which is restricted basically to a single claim, viz., whether defendant Rue was an insured under the terms of the policy.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
Submitted September 9, 1970— Decided January 13, 1971—
Rehearing denied February 4, 1971.

*Albert E. Butler,* for appellant.
*Zorn & Royal, William A. Zorn,* for appellee.