## 47957. EDWARDS v. FIDELITY & CASUALTY COMPANY OF NEW YORK.

BELL, Chief Judge. The plaintiff-insurer sought a declaratory judgment to the effect that the provisions pertaining to notice to the insurer in the liability policy had not been complied with which resulted in no coverage and no duty to defend the defendant against any suit brought against him. Plaintiff's motion for summary judgment was granted. It is undisputed that the defendant was the owner and operator of an apartment building; that on May 10, 1971, the defendant was notified in writing by the resident manager of the apartment that a third person had reportedly fallen from a fire escape connected to the apartment building; that a short time thereafter an individual was observed in and about the apartment taking pictures of the fire escape. Defendant then consulted with his own lawyer and upon advice of his counsel made no report of this incident to the plaintiff. In October, 1971 the defendant then gave written notice of this accident to plaintiff. It was also shown that the individual who fell from the fire escape died within a few days.

The policy which was in effect at the time of the incident provided in substance that the insured had the duty in the event of an

"occurrence" to give written notice to the insurer "as soon as practicable." *Held:*

1. The defendant argues that under the facts of this case the insured had no duty to commence an investigation or to make a report to the plaintiff until October 18, 1971 because the earlier information he had received was based on hearsay; that the report of this fall by this individual, who also was reportedly drunk, was of a trivial nature that did not require him to do anything further to ascertain whether there was any substance to the report he had received. It is unnecessary for us to decide whether an insured has no duty to report an accident if he does not know that an accident has occurred, or if he knows or has received some information of an occurrence that is so trivial in nature that no reasonable person would conclude that a claim would arise against him. That is not the case we have here. True, the source of the report to the defendant was hearsay in nature, however, the source of the information is not germane to the inquiry. We must consider the totality of the factual nature of these reports, i.e., that someone had fallen from the second floor from the fire escape and that shortly thereafter someone was observed on the premises taking photographs. Based upon this knowledge. it is obvious that a reasonable person would be required to act and make positive inquiry as to the truthfulness of the report. This the defendant chose not to do. While ordinarily a jury issue would be present as to whether the report was trivial and whether it is reasonable or unreasonable for an insured to take some action, under the facts here defendant's action was as a matter of law unreasonable for he had notice of a dangerous occurrence and failed to give notice "as soon as practicable." See State Farm Mut. Auto. Ins. Co. v. Coleman, 441 F2d 329 and Paris v. State Farm Mut. Auto. Ins. Co., 391 F2d 595. *Norfolk &c. Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (196 SE2d 167) is distinguishable on the facts. In that case the first substantial notice of a claim came to the attention of the insured some 19 months after the incident. He immediately notified the insurer. This authorized a jury finding that the delay in reporting was reasonable.

2. After the written notice was finally given to the insurer in October, 1971, the company referred the matter to its adjuster. The adjuster conducted a preliminary investigation on November 2, 1971. On the day following the insured was furnished a reservation of rights letter. It is argued that this

investigation which preceded the reservation of rights letter operates as a waiver of the defense that the insurer relies on. This has no merit. There was no waiver. Prior to the report of the accident some five months after it occurred, the plaintiff-insurance company had no knowledge of it. Therefore, the insurer was entitled to a reasonable time in which to investigate the facts. If during this period of reasonable time, the insurer learned of facts which could constitute a policy breach and a defense, and immediately gave notice of its intent to avail itself of the defense, no waiver or estoppel could arise. *Home Indemnity Co. v. Godley,* 122 Ga. App. 356 (177 SE2d 105). The grant of summary judgment was proper.

*Judgment affirmed. Hall, P. J., Eberhardt, P. J., Pannell, Quillian, Clark and Stolz, JJ., concur. Deen and Evans, JJ., dissent.*

ARGUED MARCH 5, 1973 — DECIDED JUNE 27, 1973.

*Huie & Harland, Harry L. Cashin, Jr.,* for appellant.

*Swift, Currie, McGhee & Hiers, Victor A. Cavanaugh,* for appellee.

DEEN, Judge, dissenting. I dissent from the first division of the opinion where the majority holds that as a matter of law the insurance company is relieved of all liability on a landlord and tenant liability policy because, although the insured absentee owner gave immediate notice on being contacted by the estate of the alleged victim, after consultation with his attorney he took no action on a third party report that a drunk man, not even known to be a tenant, had fallen off the fire escape of one of the buildings.

Under the policy terms the insured's duties are three: (a) to give written notice of every "occurrence," (b) to forward every demand, claim or suit and (c) to cooperate in the defense. The company relies here solely on failure to give notice of an "occurrence." The insured replies that the knowledge was hearsay in the first place; in the second place it appeared that the person was trying to enter another person's apartment by way of the fire escape, and in the third place there is testimony that the insured did not realize the extent of the injuries. As it appeared to him at that time, no liability on his part toward the person on the fire escape was involved. Had the insurance company received the same information at that time, it does not appear that the situation would have changed, the insured's position improved, any prejudice to the investigation avoided, or any other reason for

cutting off the protection to which the insured was otherwise entitled by the payment of his premium and issuance of the policy.

Further, the fact that this is a jury question has been decided in *Norfolk &c. Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (2) (196 SE2d 167). That was a personal injury inflicted by the plaintiff directly, under a homeowner's liability policy which required notice of any "incident . . . as soon as practicable," where notice was not given for 19 months after the accident. This is a personal injury resulting from an act of the decedent, the landlord tenant liability policy requiring notice of any "occurrence . . . as soon as practicable," where notice was given five months after the accident and immediately on notice to the insured of a possible claim. In that case it was held: "The time limitations in policies of insurance requiring a report of incident 'as soon as practicable' are subject to a factual determination. The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case.' *North American Accident Ins. Co. v. Watson,* 6 Ga. App. 193, 196 (64 SE 693); *Pilgrim Health &c. Ins. Co. v. Chism,* 49 Ga. App. 121 (3) (174 SE 212); *Hulme v. Mutual Benefit &c. Assn.,* 60 Ga. App. 65 (2 SE2d 750)."

"An accident that an ordinarily prudent individual acting reasonably would consider, under all circumstances, as inconsequential, and which would not afford the basis of any claim, the insured was not bound to report . . . even though it may prove afterwards to result in serious injury." Phoenix Indemnity Co. v. Anderson's Groves, Inc., 176 F2d 246, 247.

"Generally the question of whether notice has been given without unnecessary and unreasonable delay is one of fact for the jury." 8 Appleman, Insurance Law and Practice, § 4734, p. 26. Among other questions are: "If there was a delay, what was the reason for it—and was the excuse a matter which might justify an ordinary man, not one skilled in insurance matters or in the law, in such delay; and was the insurer still able reasonably to secure the facts available through a prompt investigation, and was it not unreasonably hampered in efforts to settle, or at least any more than it would have been in the inception of the claim. As we have seen, the courts continue to lean more to the view that no defense arises if there has been no prejudice, but place the burden upon the one seeking recovery to demonstrate this lack of prejudice. On the other hand, if the excuse is valid, or the notice in fact reasonable,

under one of the first two of the matters suggested herein for determination, then prejudice is immaterial. These, accordingly, are almost always factual in character and would be difficult to resolve as matters of law." Id., p. 29.

I respectfully dissent from the opinion holding the insurer entitled to summary judgment as a matter of law on its refusal to defend the case, particularly where the insured acted on advice of counsel and his position appears eminently reasonable as a matter of fact, simply on the ground that the policy written by the company and construed in its favor amounts in effect to a forfeiture of all rights. Forfeitures not being favored by the law, and matters of fact being involved, I would reach an opposite conclusion.

I am authorized to state that Judge Evans concurs in this dissent.

EVANS, Judge, dissenting. I fully concur in the lucid and persuasive dissent written by Judge Deen, and add the following:

1. No damage whatever resulted to the insurer by reason of not receiving the report of injury at an earlier time.

2. The language of the policy must, of course, be construed most strongly against the insurer. The "notice" provision does not require the insured to advise the insurer of each and every event that comes to the attention of the insured by hearsay. To the contrary, the insured is only required to give notice "in the event of an occurrence," meaning the actuality of an occurrence, and not merely that the insured has heard second-hand that an event (of injury) may have occurred.

3. The report of injury is a part of the *cooperation feature* of the policy, which the insurer required of the insured. Recently this court considered this question, and a majority—the writer and 3 other Judges dissenting—erroneously held that a higher degree of cooperation is required than is actually required by law, thus failing to follow earlier precedents of this court. The Supreme Court of Georgia reversed, and held that failure to cooperate is *not a valid defense* unless it be shown that such failure is a wilful failure to cooperate. See *Cotton States Mut. Ins. Co. v. Proudfoot,* 126 Ga. App. 799 (191 SE2d 870), reversed by the Supreme Court in *Proudfoot v. Cotton States Mut. Ins. Co.,* 230 Ga. 169 (196 SE2d 131).