48411. COLEMAN et al. v. DAIRYLAND INSURANCE COMPANY.

HALL, Presiding Judge. Carrie Coleman, Robert Coleman and Mozelle Sanders, plaintiffs in damage actions arising out of an automobile collision, here appeal the trial court's grant to appellee Dairyland Insurance Company of summary judgment on Dairyland's declaratory judgment action against them seeking to establish its non-liability as the defendant-driver's insurer.

The three appellants were injured in an automobile crash while riding in an automobile driven by Charley Hopson and owned by Dairyland's insured, Milton Rance. Appellants each brought suit against Hopson and Rance, and Dairyland filed defensive pleadings for both under a reservation of rights as to Hopson

who, they assert, was using the Rance automobile without permission and was therefore not an additional insured.

Following certain discovery procedures, on August 8, 1972, Diaryland filed the instant declaratory judgment action seeking to determine whether Hopson was covered by the policy. Hopson and the appellants were made defendants and all were served personally by the end of the day on August 10. Appellants neglected to inform their attorney of their receipt of the petition and, learning of it from another source some three months later, he filed a purported answer on November 10th, unaccompanied by the payment of costs or by any motion to open the default. Dairyland moved to strike the answer and for a default judgment. Appellants through their attorney then filed a motion to open the default under Code Ann. § 81A-155 (b). After a hearing on both outstanding motions, the trial judge found no merit "in fact or in law" in the motion to open default, and awarded Dairyland a default judgment for the relief prayed for.

Appellants' six enumerations of error all urge that the trial court erred in declaring the suit in default and giving judgment for Dairyland. Additionally, by way of supplemental brief, appellants contend that the trial judge should have dismissed the declaratory judgment action because it presented no justiciable controversy.

With reference to the trial court's refusal to open the default, this point is decided against appellants by the fact that on the record presented the trial court was without discretion to take any other action because appellants' motion to open the default failed in numerous particulars to comply with the requirements of Code Ann. § 81A-155 (b).

In opposition to the requirements of that Code section, appellants failed to pay costs; filed no verified motion and submitted no affidavit in support thereof; and failed entirely to refer to a defense of appellants on the merits. Moreover, by way of excusable neglect they averred only that they were ignorant of the significance of the petition and were wholly occupied with a critically ill, hospitalized child.

Without the necessity for considering other defects in the motion, its failure to show a meritorious defense is alone fatal to appellants' cause. Georgia law requires that facts regarding such a defense be set forth, and a mere statement (which is more than appellants averred) that the party "has a good and meritorious defense to the declaration" is inadequate. *Georgia Highway*

*Express Co. v. Do-All Chemical Co.,* 118 Ga. App. 736 (165 SE2d 429); *Pryor v. American Trust & Banking Co.,* 15 Ga. App. 822 (84 SE 312). Moreover, this requirement is a condition precedent; in its absence, the trial judge had no discretion to open the default. *Georgia Highway Express Co. v. Do-All Chemical Co.,* supra.

Assuming without in any way deciding that appellants' pleadings subsequent to the filing of the declaratory judgment action should, taken together, be construed as a motion to dismiss the action for failure to state a claim for relief (such a motion being timely filed at any time before final judgment by a defendant in default, even without first opening the default, Georgia Procedure and Practice § 8-12 (1957)), nonetheless such motion would be unavailing for the reason that under the CPA a declaratory judgment action is sufficient to withstand a motion to dismiss if it states a claim for relief sufficient to meet the notice requirements of the new practice. *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862); *Southeastern Fidelity Fire Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 118 Ga. App. 861, 862 (165 SE2d 887). "[T]he test of what is needed to withstand a motion to dismiss a petition for declaratory judgment is determined under Title 81A of the Code." *Id.* So evaluated, Dairyland's petition is adequate to state the existence of an "actual controversy" under Code Ann. § 110-1101 and to withstand a motion to dismiss. See *Southeastern Fidelity Fire Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* supra. Dairyland's petition meets the test stated in *Finney v. Pan-American Fire & Casualty Co.,* 123 Ga. App. 250 (180 SE2d 253) because "[i]t alleges the terms of the policy and the facts upon which plaintiff relies for the relief sought and therefore places the defendant fairly on notice of its claim." *Id.* at 251.

That there are disputed issues of fact to be determined relative to the insurance coverage does not oust the applicability of a declaratory judgment action. *Finney v. Pan-American,* supra, at 251; *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512, 517 (160 SE2d 844). Moreover, Dairyland is not a party to the three damage actions pending below, and the question of its coverage is not in issue there, rendering a declaratory judgment action appropriate. *Smith v. State Farm Mut. Auto. Ins. Co.,* 122 Ga. App. 430 (177 SE2d 195).

*Judgment affirmed. Evans and Clark, JJ., concur.*

Argued September 13, 1973 — Decided October 26, 1973 —

REHEARING DENIED NOVEMBER 14, 1973.

*John N. Crudup,* for appellants.
*Whelchel, Dunlap & Gignilliat, Weymon H. Forrester, William Rogers,* for appellee.