## 49488. HEMBREE et al. v. COTTON STATES MUTUAL INSURANCE COMPANY.

PANNELL, Presiding Judge.

William H. Hembree brought an action in the State Court of Habersham County, Georgia against Richard Sensow as administrator of the estate of Haynes Sanders, deceased, seeking recovery for personal injuries received by the plaintiff Hembree as a result of a collision. Cotton States Mutual Insurance Company (Sanders' insurer) then instituted a declaratory judgment proceeding contending that, under the facts, an exclusionary provision of its policy applied, and it was not bound to defend the action, and there was no coverage under the policy. Both the plaintiff and the defendant in the tort action answered, denying material allegations of the declaratory judgment action and setting up certain defenses among which was that the plaintiff insurer is estopped from raising questions as to its liability because the plaintiff insurance company answered the tort suit in behalf of its insured. The Cotton States Mutual Insurance Company then made a motion for summary judgment supported by an affidavit of the attorney for the insurance company to the effect that the answer filed in the tort action by the insurance company was filed after the judge had signed the show cause order "and concurrently with the filing of the suit for declaratory judgment." The affidavit further stated that "Cotton States Mutual Insurance Company had secured non-waiver agreement from Richard Sensow as administrator of the estate of Haynes Sanders, deceased, a photocopy of said non-waiver agreement being attached to this affidavit and incorporated herein by reference." No such copy was attached and the alleged non-waiver agreement nowhere appears in the record. The trial judge sustained the motion for summary judgment of the insurance company. Both parties in the tort action appealed. *Held:*

The attorney's affidavit, insofar as it refers to the non-waiver agreement, "does not set forth such facts as would be admissible in evidence, as the deeds are the highest and best evidence. Code § 38-203 requires that:

'the best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for.' See *Pierce v. Dennett,* 163 Ga. 471 (1) (136 SE 440) . . ." *Green v. Wright,* 225 Ga. 25 (165 SE2d 843). Further, "The affidavit of the attorney . . . fails to meet the requirement that sworn or certified copies of all papers or parts thereof referred to in an affidavit must be attached thereto or served therewith." *Green v. Wright,* 225 Ga. 25, supra. Nor do the contents of the affidavit itself disclose what rights were not waived or referred to in the non-waiver of the rights agreement. We must hold, therefore, that the defense of estoppel was not pierced by the evidence, the evidence showing that an answer was filed by the insurer in the tort action and there being no evidence of notice of reservation of rights or a non-waiver of rights agreement which might preclude an estoppel, the estoppel exists under the evidence adduced. See *Jones v. Ga. Cas. &c. Co.,* 89 Ga. App. 181, 185 (78 SE2d 861); *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397, 398 (4) (181 SE2d 305); *Finney v. Pan-American Fire &c. Co.,* 123 Ga. App. 250 (180 SE2d 253); *State Farm Mut. &c. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191).

The trial judge erred in granting the insurance company's motion for summary judgment.

Whether the insurance company, if it produces a proper non-waiver of rights agreement or if it gives a notice of reservation of rights, may then file another motion for summary judgment based on such additional evidence, we do not decide.

*Judgment reversed. Quillian and Webb, JJ., concur.*

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 4, 1974.

*Stow, Garvin & Glenn, James A. Glenn, Jr.,* for appellants.

*McClure, Ramsay & Struble, Robert B. Struble,* for appellee.