### 49623. SAYLOR v. TERMINAL TRANSPORT COMPANY, INC.

DEEN, Judge.

1. The defendant, to sustain a motion for summary judgment, must disprove the plaintiff's right to recover under all theories available to him. *U. S. Fidelity &c. Co. v. Lockhart,* 124 Ga. App. 810 (3) (186 SE2d 362); *Columbia Drug Co. v. Cook,* 127 Ga. App. 490 (1) (194 SE2d 286). The grant of such a judgment may be improper in

cases where, on the trial of a case under the same evidence, a motion for directed verdict would lie. *Ray v. Webster,* 128 Ga. App. 217 (196 SE2d 175).

2. "A condition of sanity or insanity once proven to exist is presumed to continue and the burden is on the party claiming a different condition to exist at a later date to prove such change." *Joiner v. Joiner,* 225 Ga. 699 (171 SE2d 297); Code § 38-118.

3. "A deed executed by a person previously adjudicated insane by a court of competent jurisdiction is absolutely void, and not merely voidable; and in a suit by a proper party to cancel such deed it is not necessary that a tender be made of the benefits received thereunder." *Williford v. Swint,* 183 Ga. 375 (2) (188 SE 685).

4. It appears from this record that the appellant plaintiff was involved in an automobile collision in which he sustained damage to his vehicle and a progressively worsening whiplash injury. He was paid the amount of vehicular damage and signed a release of all claims. In the present action he seeks to avoid the release and obtain damages for bodily injury. The record shows that the plaintiff was adjudicated insane in 1933 and confined to Milledgeville State Hospital. The only indication of subsequent action is contained in an affidavit where he states that he "remained in said hospital until 1935 when he walked away from the confinement thereof, without authority, permission, or any adjudication of his recovery. Subsequently, and after the plaintiff had been free of confinement for some time, he applied to the Governor of Georgia for restoration of his civil rights, which was granted on November 18, 1972, without medical examination or adjudication." We are left in the dark as to what procedure was followed and what its legal effect may be, and the defendant offers no evidence either on this issue or on the plaintiff's mental condition at the time the release was signed. It does appear that the plaintiff has at some past time committed at least two crimes. He may have been pardoned. He may have received a release from the Governor under former Code § 27-1503 (repealed, Ga. L. 1952, pp. 205, 206) providing that one committed to Milledgeville State Hospital after

acquittal of a noncapital offense on grounds of insanity "shall be discharged by warrant or order from the Governor." From various supporting affidavits it appears that the plaintiff suffered brain damage early in life as the result of being a prizefighter, and that in the opinion of the affiants, who have known him for up to fifty years, he was mentally incompetent generally and in particular around the dates of the transactions here involved. While some of these affidavits are conclusory in character we cannot entirely ignore them in view of the plaintiff's past mental history and the lack of factual data showing his restoration to sanity. The defendant has failed to negate the plaintiff's claim of mental incompetence, in connection with which he insists that his understanding of the transaction was simply that he was receiving the $552.81 as reimbursement for the damages to his automobile. Under these circumstances the grant of summary judgment to the defendant was error.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 5, 1974 — DECIDED SEPTEMBER 27, 1974.

*Harold Sheats,* for appellant.
*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Jack O. Morse,* for appellee.