## 50575. SOUTHERN TRUST INSURANCE COMPANY v. EASON et al.

ARGUED APRIL 29, 1975 — DECIDED MAY 14, 1975.

828

*Henry C. Head, S. James Tuggle,* for appellant.
*Gilbert & Bone, Aubrey W. Gilbert, Tisinger & Tisinger, J. Thomas Vance,* for appellees.

DEEN, Presiding Judge.

In declaratory judgment cases involving coverage vel non, a distinction exists between the insurer's right to a declaration settling the matter where it hesitates whether or not to defend a pending action (as in *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724 (188 SE2d 870)), and where that action has already been prosecuted to judgment, or the suit is in the first instance between a putative claimant or insured and the insurer (as in *State Farm v. Hillhouse,* 131 Ga. App. 524 (4) (206 SE2d 627); *Provident Life & Acc. Ins. Co. v. United Family Life Ins. Co.,* 233 Ga. 540 (212 SE2d 326)). Where the action between tortfeasor and insurer is pending, declaratory judgments are regularly permitted to an insurer of the defendant who seeks construction of policy language and like questions of law, as in *Nationwide Mut. Ins. Co. v. Peek,* 112 Ga. App. 260 (145 SE2d 50). Where it neither appears that there is a dispute over the meaning of the contract or

the facts sought to be applied, a general demurrer should be sustained. *Hatcher v. Ga. Farm Bureau Mut. Ins. Co.,* 112 Ga. App. 711 (146 SE2d 535). "If an insurer has knowledge of the facts but does not feel safe in making a determination as to a proper course of action it may enter upon a defense under a reservation of rights and then seek a declaratory judgment." *Gant v. State Farm Mutual & Ins. Co.,* 109 Ga. App. 41, 43 (134 SE2d 886).

The present petition for declaratory judgment most nearly approaches the statement in the *Gant* case. Here the dispute is not one of law; both the general coverage clause and the exclusion are explicit and need no construction. Nor is a disputed fact situation involved; both parties accept, for the purposes of this motion, that a gun held in the hand of the insured and on his premises fired and killed the plaintiff's son. Here the only question is one of intent. The plaintiff alleges in the tort action that the gun was fired as a result of negligence. The insurer maintains that the injury was intentional, or at least was expected, "from the standpoint of the insured." Under either of these sets of facts the plaintiff would prevail in her tort action, but the liability of the insurer would not be determined, and in the meantime it must make a decision as to whether to undertake a full scale defense of the case.

The same factors arose in General Ins. Co. v. Whitmore, 45 Cal. Rptr. 556 (Cal. App. 1965), where an accident resulting in a train derailment formed the basis of several actions against individuals alleged to have caused it. Some of the petitions in the pending tort actions based their claim on wilful and intentional misconduct; at least one of them was grounded on simple negligence. The same coverage and exclusion clauses were involved there as here, and the insurer's declaratory judgment seeks, like the one under consideration, a determination of coverage vel non under a fact situation substantially free from dispute. The court held that under these circumstances "it has long been the law that a court may determine disputed questions of fact in declaratory relief proceedings"; that upon the occurrence of the injury the tort action plaintiffs "had an interest in the insurance policy of the asserted tortfeasors and were entitled to information as to its existence and its limits," and that

where "the facts alleged in a complaint against the insured support a recovery for an occurrence covered by the policy even though the insurer has knowledge that the injury is not in fact so covered, it is nonetheless the insurer's duty to defend unless relief is obtained by way of a declaratory judgment." This reasoning appears sound and applicable to the case before us.

*U. S. F. & G. Co. v. Watson,* 106 Ga. App. 748 (128 SE2d 515) differs in that there the fact question sought to be decided on the declaratory judgment action is the same as that which would be determinative of the tort action and determinable therein. In the same manner, *Employers Liab. Assurance Corp. v. Berryman,* 123 Ga. App. 71 (179 SE2d 646) permits determination of the factual situation in the main (tort) action, because it involves uninsured motorist insurance and the insurer, under Code Ann. § 56-407 had the privilege of filing there any appropriate pleadings in its own behalf.

The complaint demonstrates a need for declaratory judgment to relieve the plaintiff from the risk of taking future undirected action incident to its rights which, without direction, would jeopardize its interests.

The trial court erred in dismissing the complaint on motion.

*Judgment reversed. Pannell, P. J., and Stolz, J., concur.*