## 52702. RICHMOND et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

CLARK, Judge.

What steps should be taken by attorneys representing an insured or an insurer respectively under an automobile liability policy when a dispute exists as to coverage? What is the impact of the refusal by insured to comply with an insurer's request for execution of a mutual "reservation of rights?" Can an insurer file an answer for insured in a pending suit during the discussions with its insured as to the coverage problem without creating an estoppel? Is there a state of uncertainty which entitles the insurer to seek a declaratory judgment? Do the facts of this case warrant the holding as a matter of law that there is no coverage because of insured's actions?

Those are some of the questions confronting us in this appeal by an insured from a grant of summary judgment to an insurer in a declaratory judgment action wherein the insurance company obtained a ruling that it was not obligated to provide coverage under its automobile public liability policy to the insured and his son.

On April 28, 1974 Travis Lee Richmond, minor son of appellant, the insured, was driving his father's automobile when the insured automobile hit a pedestrian, Patti Faulkenberry. On that date there was in force a public liability policy issued by the insurer to the insured which covered the vehicle. Immediately after the injured pedestrian was taken to the hospital the insured there volunteered to help pay some of the medical expenses incurred. In fact he voluntarily paid the hospital ($64.60), ambulance service ($20), radiologist ($25) and a medical center ($77.50).

No notice of this occurrence was given the insurance company until January 1975, eight months after the collision. This was after the insured had received a letter from the injured pedestrian's attorney informing him that suit would be filed. The record indicates the claimant had contacted her attorney immediately after the incident and had been advised to delay any action because of her pregnancy.

Upon receipt of this January notice and following some preliminary investigation the insurer sought to have its insured execute an acknowledgment of non-waiver of rights. The insured refused to sign, and instead forwarded insurer a copy of the complaint filed by the injured party and demanded that a defense be entered. Prior to filing its answer the insurer verbally and in writing informed insured and his son that it intended to seek declaratory relief as to whether or not it was responsible to provide an attorney and a defense; that it intended to investigate the accident, the insured's apparent failure to report it for eight months, and the insured's apparent voluntary payment of the injured party's medical expenses; that pending a determination of these issues it would proceed with a defense, but in doing so was not waiving its rights to deny liability under the policy; and that should the insurer be found not obligated to insured under the policy and the facts, then it intended to withdraw from its defense of the claim and provide insured with no benefits under the policy. *Held:*

1. The insured claims that because he refused to sign the reservation of rights agreement and because he refused to consent to the later unilateral notice of claim of

reservation of rights that the insurer waived any defenses it may have had by filing its answer and was therefore estopped to seek declaratory relief. This contention is without merit.

"Where an insurer denies coverage under a particular policy and seeks to relieve itself of its obligation to defend a pending suit against an insured because of circumstances pleaded which cast doubt on the coverage of the policy as applied to those circumstances, there is such immediacy of choice imposed upon it as to justify an adjudication by declaratory judgment." *Nationwide Mut. Ins. Co. v. Peek,* 112 Ga. App. 260, 263 (145 SE2d 50). See *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459); *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724 (188 SE2d 870); *Ditmyer v. Am. Liberty Ins. Co.,* 117 Ga. App. 512 (160 SE2d 844); *Pa. Threshermen &c. Ins. Co. v. Wilkins,* 106 Ga. App. 570 (127 SE2d 693). A proper and safe course of action for an insurer in this position is to enter upon a defense under a reservation of rights and then proceed to seek a declaratory judgment in its favor. See *Southern Trust Ins. Co. v. Eason,* 134 Ga. App. 827 (216 SE2d 667); *Gant v. State Farm Mut. Auto. Ins. Co.,* 109 Ga. App. 41, 43 (134 SE2d 886); *Ga. Cas. &c. Co. v. Turner,* 86 Ga. App. 418 (71 SE2d 773).

In *State Farm Mut. Auto. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191) this court held the general rule in Georgia is that a liability insurer who assumes and conducts a defense of an action brought against the insured with knowledge of facts which would constitute noncoverage under the policy without disclaiming liability and giving notice of its reservation of rights is estopped from thereafter setting up such facts of noncoverage. See *Winters v. Government Employees Ins. Co.,* 132 Ga. App. 756 (209 SE2d 32); *Jones v. Ga. Cas. &c. Co.,* 89 Ga. App. 181 (78 SE2d 861). An insurer could avoid an estoppel by giving a timely notice of its reservation of rights where such notice fairly informs the insured of the insurer's position. *State Farm Mut. Auto. Ins. Co. v. Anderson,* 104 Ga. App. 815, supra.

Because he notified his insurer that he did not agree to a defense under a reservation of rights,

appellant-insured would have us hold that the insurer by filing an answer had waived its rights, that the rights of the parties thereby accrued, and that therefore the insurer was not entitled to seek declaratory relief. Appellant relies on what is obstensibly the holding of a majority of jurisdictions requiring the consent of an insured to a defense under a reservation of rights, and in further support of his position cites to us our cases of *State Farm Mut. Auto. Ins. Co. v. Anderson,* 104 Ga. App. 815, supra, and *State Farm Mut. Auto. Ins. Co. v. Anderson,* 107 Ga. App. 348 (2) (130 SE2d 144). In neither of these cases did this court reach the question of the necessity of an insured's consent. Comments in each case as to what this court might do should the question arise are mere obiter dicta and we decline to follow them now. In doing so we also decline to follow the majority rule which is too inflexible to be either just or fair. As was said in *Trust Co. of Ga. v. Kenny,* 188 Ga. 243, 250 (3 SE2d 553): "The quantum of precedent is one way; the quality the other."

Where the consent of the insured is a requirement for a defense under a reservation of rights the insured's refusal to give such consent places the insurer between Scylla and Charybdis. "By refusing to defend, the company loses all opportunity to contest the negligence of the insured or the injured person's right to recover, and exposes itself to a charge of and penalty for breach of contract. By defending, it incurs considerable expense and may waive the claim of immunity." *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724, supra, 729. Such a result would be both unjust and contrary to the salutary purposes of the Declaratory Judgment Act and should not be given sanction.

A third, and more desirable, alternative is that followed by the insurer in the case sub judice. Upon discovery or notice of facts possibly constituting grounds of noncoverage the insurance company may seek to enter into a bilateral reservation of rights agreement with its insured. Should the insured refuse to consent to the bilateral agreement an insurer may avoid the sharp horns of the dilemma presented by such refusal by giving the insured a timely unilateral notice of its reservation and

nonwaiver of rights. This should include notice of its intention to seek immediate declaratory relief. See *Southern Trust Ins. Co. v. Eason,* 134 Ga. App. 827, supra; *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724, supra; *Ditmyer v. Am. Liberty Ins. Co.,* 117 Ga. App. 512, supra; *Nationwide Mut. Ins. Co. v. Peek,* 112 Ga. App. 260, supra.

The cases in Georgia use the disjunctive in referring to the choices available to an insurer: it may enter into an agreement *or* give a proper notice of reservation of rights. See *Winters v. Government Employees Ins. Co.,* 132 Ga. App. 756, supra; *Hembree v. Cotton States Mut. Ins. Co.,* 132 Ga. App. 556 (208 SE2d 568); *Finney v. Pan-Am. Fire &c. Co.,* 123 Ga. App. 250 (1) (180 SE2d 253); *Gant v. State Farm Mut. Auto. Ins. Co.,* 109 Ga. App. 41, 43, supra; *Jones v. Ga. Cas. &c. Co.,* 89 Ga. App. 181, supra.

An insurer may not give an insured a unilateral notice of reservation of rights and thereupon proceed with a complete defense of the main claim absent insured's express or implied consent. This course of action may well result in prejudice to an insured. Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of rights, the insurer *must* thereupon (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

We recommend the procedure followed by the insurance company in this case as being fair to both the insured and insurer and in conformance with our ruling herein. The notice expressed what facts might constitute noncoverage, that the insurer would proceed to investigate those facts, that the insurer intended to seek a declaratory judgment as to what its obligations under the policy were to the insured under the circumstances, that pending such a determination it was going to provide insured with counsel and enter a defense, that in pursuing this course of action it did not waive any of its rights, and that should a court determination be in its favor it

intended to withdraw from the suit and afford the insured no defense and benefits under the policy vis-a-vis the action or claim by the injured party. It thereupon filed defensive pleadings and immediately thereafter filed a petition for declaratory judgment.

This course of action fully informed the insured and prevented any default being obtained in the litigation. The filing of the answer served to protect the rights of the insured as well as the insurer pending the outcome of the declaratory judgment action.

Under the facts of this case the insurer had not waived its defenses and the rights of the parties had not accrued prior to the bringing of the declaratory judgment action.

2. The record is clear that the insured failed to give notice to the insurer of the dangerous occurrence until more than eight months had passed. Was this delay, as a matter of law, in violation of the policy condition that notice of an accident or occurrence be given "as soon as practicable?"

Generally, whether an insured's notice to an insurer is "as soon as practicable" is a question of fact for a jury. *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (2) (196 SE2d 167). In many cases an insured may be able to present evidence of excuse or justification for the delay. In *Cumbaa,* the evidence showed that the first time any substantial notice or evidence of a claim came to the insured's attention was about 19 months after the occurrence which the court held was sufficient to submit the issue of reasonableness of the excuse to the jury on the facts in that case.

Justification for failure to give notice as soon as practicable, however, may not include the insured's conclusion "that he was free of fault and that there was no liability to the other party. That is the very issue which the company must have reasonable opportunity to investigate with promptness, and which requires a prompt notice of the occurrence." *Bituminous Cas. Corp. v. J. B. Forrest &c., Inc.,* 132 Ga. App. 714, 717 (209 SE2d 6).

Under all of the facts and circumstances of a particular case it may be found that an insured's delay in giving notice of an accident to his insurer was unjustified

and unreasonable. In such event, on a motion for summary judgment, the court may rule on the question as a matter of law. See *Erber v. Ins. Co. of N. America,* 134 Ga. App. 632 (2) (215 SE2d 528); *Edwards v. Fidelity &c. Co. of N. Y.,* 129 Ga. App. 306 (1) (199 SE2d 570). In the instant case the uncontradicted evidence showed that there was an automobile-pedestrian collision, that the pedestrian was taken to a hospital and treated, that the insured was aware of the collision and injuries sustained, and that the insured paid a number of the injured party's medical bills. Under these circumstances the eight months delay in notifying the insurer was unreasonable as a matter of law. The trial court properly entered summary judgment for the insurer on this issue.

3. The insured contends that summary judgment for the insurer was improper for the additional reasons that the insurer had not proven injury to itself, as it alleged in its petition, and because a finding of noncoverage would work a forfeiture to the insured's detriment. These contentions are without merit.

Insurance is a matter of contract and the parties are bound by the terms of the policy. *Barker v. Coastal States Life Ins. Co.,* 138 Ga. App. 164, 166 (225 SE2d 924); *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165 (1) (196 SE2d 334); *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579 (1a) (168 SE2d 171). It is also the general rule that the insured is chargeable with knowledge of all the conditions imposed upon him by the terms of his policy. *Hart v. Waldo,* 117 Ga. 590, 596 (43 SE 998) (Candler, J., concurring). Accord, *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 166 (141 SE2d 208); *Prudential Ins. Co. v. Sailors,* 69 Ga. App. 628, 634 (26 SE2d 557); *Equitable Life Assur. Society of the U. S. v. Adams,* 56 Ga. App. 5 (2) (192 SE 90).

The purpose of the notice provision in an insurance policy is to enable an insurer to investigate promptly the facts surrounding the occurrence while they are still fresh and the witnesses are still available, to prepare for a defense of the action, and, in a proper case, to determine the feasibility of settlement of the claim. *Bituminous Cas. Corp. v. J. B. Forrest &c., Inc.,* 132 Ga. App. 714, supra. (1); *Employees Assur. Society v. Bush,* 105 Ga. App. 190

(123 SE2d 908); *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695 (3) (112 SE2d 194).

In many cases, as in this one, the notice condition is expressly made a condition precedent to the insurer's coverage or liability. These conditions are valid and must be complied with, absent a showing of justification. *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556, 563 (3) (177 SE2d 819) and cits. Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, and where the insurer has not waived compliance with the terms or any objections to the insured's failure, then the insurer is not obligated to provide either a defense or coverage. See *Erber v. Ins. Co. of North America,* 134 Ga. App. 632, supra; *Bituminous Cas. Corp. v. J. B. Forrest &c. Inc.,* 132 Ga. App. 714, supra; *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471 (199 SE2d 852); *Edwards v. Fidelity &c. Co. of N. Y.,* 129 Ga. App. 306, supra; *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281 (2) (187 SE2d 312); *Ballew v. State Farm Mut. Auto. Ins. Co.,* 122 Ga. App. 417 (177 SE2d 172); *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (3), supra; *Stubbs v. State Farm Mut. Auto. Ins. Co.,* 120 Ga. App. 750 (1) (172 SE2d 441); *Cooper v. Glens Falls Indem. Co.,* 93 Ga. App. 127 (91 SE2d 120). This is not a case of forfeiture.

Moreover, there is no need for an insurer to prove it was prejudiced by an insured's failure to give notice. The valid condition precedent of notice "as soon as practicable" is to be treated in this regard the same way as the condition precedent of forwarding to an insurer copies of the suit and summons. See *Bituminous Cas. Corp. v. J. B. Forrest &c. Inc.,* 132 Ga. App. 714, supra, (3).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED OCTOBER 7, 1976 — REHEARING DENIED OCTOBER 27, 1976 —

*McDonald, McDonald & McDonald, Ernest McDonald,* for appellants.

*Fletcher, Watson & Dana, Dennis Watson, Mitchell,*

*Mitchell, Coppedge & Boyette, Neil Wester,* for appellee.

ON MOTION FOR REHEARING.

In their motion for rehearing appellants contend that Division 1 of our opinion is contrary to the holdings in the cases of *Jones v. Ga. Cas. &c. Co.,* 89 Ga. App. 181 (78 SE2d 861); *State Farm Mut. Auto. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191); and *Winters v. Government Employees Ins. Co.,* 132 Ga. App. 756 (209 SE2d 32). It is urged that our decision removes from an insured the right to control and manage his own defense and enables an insurer to prejudice an insured by a withdrawal from a defense after it is undertaken. These assertions are without merit. Similar contentions having been made in other recent cases indicate we should enlarge upon our original opinion.

*Home Indem. Co. v. Godley,* 122 Ga. App. 356 (1) (177 SE2d 105) (overlooked in our initial opinion) held that an insurer was not estopped to deny coverage where its attorney entered an appearance in the case but thereafter withdrew when investigation revealed noncoverage, and no prejudice resulted to the insured, even though the original actions were thereafter dismissed by the plaintiffs and new actions filed. In that case at p. 361 this court quoted from 7A Appleman, Insurance Law and Practice, § 4693 at pp. 529, 530. " 'An entry of *an appearance* for the insured by the insurer does not of itself constitute a waiver of available defenses, but the insurer is entitled to a reasonable time in which to investigate the facts. And the insurer may withdraw from the defense upon learning of facts which constitute a policy breach, and no waiver or estoppel will arise. But the insurer is required to act seasonably in disclaiming liability and it could not delay its decision so long that the insured's rights were prejudiced thereby.' "

The per curiam opinion in *Godley* distinguished two of the cases appellants rely on, noting: "In the *Jones* case the insured defended the case until final judgment without any reservation of rights. The *Anderson* case held for the insurer on the theory that there had been a valid reservation of rights even though the case was defended up to and through the final judgment." 122 Ga. App. 360.

The third case, *Winters v. Government Employees Ins. Co.,* is similarly inapposite. There the insurer prepared a reservation of rights agreement "for the stated purpose of investigation and determination of sound value and damage . . ." which made no mention of a possible coverage question. Then five months after it had filed defense pleadings the insurer sought a declaratory judgment as to coverage. This court decided that the question of the insurer's right to continue the defense for five months with knowledge of facts possibly constituting noncoverage depended upon a factual determination of the intent of the parties and whether there was "a knowing acceptance by the insured of defense of the tort action under a reservation of rights by the insurer." 132 Ga. App. 760. The court recognized that "[u]nder the particular circumstances of this case, the insurer had no notice of accident until after suit was filed and the necessity for action was immediate. The reservation of rights of investigation and determination of damages certainly protected it as to the immediate action."

*Winters* did not stand for the proposition that an insurer may not under any condition withdraw from a defense once undertaken, or that a defense once undertaken estops the insurer to deny coverage, or even that an insured's consent is necessary to every defense under a reservation of rights. We sought to deal with these recurring problems in our opinion hereinbefore, where we held on p. 219 that "An insurer may not give an insured a unilateral notice of reservation of rights and thereupon proceed with a complete defense of the main claim absent insured's express or implied consent. This course of action may well result in prejudice to an insured." We thereupon set forth as suggestive guidance the procedure an insurer should follow in order to protect both its rights and those of its putative insured.

*Motion for rehearing denied.*