## 70236. W. W. WOOD COMPANY, INC. et al. v. STATE FARM FIRE & CASUALTY COMPANY.

(335 SE2d 140)

SOGNIER, Judge.

State Farm Fire and Casualty Company (State Farm) sought a declaration of its obligations under an insurance policy issued to W. W. Wood Company, Inc., d/b/a W. W. Wood Asphalt and Paving (Wood), to defend Wood in a slip and fall suit filed by Josephine Barksdale. The trial court granted summary judgment in favor of State Farm and Wood and Barksdale appeal.

1. The trial court granted summary judgment to appellee on the basis that Barksdale's fall came within the completed operations hazard exclusion provision of the insurance policy and thus appellee was not liable under the policy for the injury nor was it obligated to defend Wood in the suit filed by Barksdale. Neither Wood nor Barksdale enumerates any error as to this finding or raises any arguments concerning this ruling in their briefs. Wood's sole enumeration contends the trial court erred by failing to rule on the sufficiency of the notice furnished by Wood to appellee. Because the trial court determined that appellee was not liable to Wood under the provisions of the policy, we find no error in the trial court's failure to address a matter which was in effect pretermitted by the trial court's ultimate ruling. The record fails to support Barksdale's second enumeration of error.

2. Barksdale's remaining enumerations of error are without merit. The record discloses that no questions of fact exist as to appellee's proper compliance with the guidelines set forth in *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (1) (231 SE2d 245) (1976), and Barksdale's estoppel argument must of necessity fail in view of that compliance.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 12, 1985.

*John R. M. Whelan, Janise L. Miller*, for appellants.
*Jonathan M. Engram, John W. Winborne III, Warner S. Currie*, for appellee.