**LLOYD'S OF LONDON, Acting By and Through D.J. WALKER, Principal Underwriter, Plaintiff-Appellee,**

v.

**Robert F. KELLY, R & B Helicopters, A Partnership, Donald Golder and Nancy M. Golder, Defendants-Appellants.**

No. 83–8875.

United States Court of Appeals, Eleventh Circuit.

March 24, 1986.

Charles L. Ruffin, Macon, Ga., for Donald Golder and Nancy M. Golder.

John C. Edwards, Macon, Ga., for plaintiff-appellee.

Before HATCHETT, Circuit Judge, HENDERSON * and NICHOLS,** Senior Circuit Judges.

HENDERSON, Senior Circuit Judge:

The facts of this case are set out in the original panel decision certifying three questions of law to the Supreme Court of Georgia pursuant to Rule 37 of the Rules of the Supreme Court of the State of Georgia. *Lloyd's of London v. Robert F. Kelly,* 760 F.2d 240 (11th Cir.1985). We certified the following three questions:

1–(a) Whether the policy form used by Lloyd's to issue a policy of aircraft and aerial application insurance to R & B Helicopters is excepted from the filing requirement of O.C.G.A. § 33–24–9(a)?

(b) If not, does Lloyd's failure to file the form in accordance with the statute preclude equitable relief because of the 'unclean hands' doctrine or void the exclusionary provision thereby making it unenforceable?

2—Whether Lloyd's filed its declaratory judgment action in the timely manner required by *Richmond v. Georgia Farm Bureau Mutual Insurance Co.,* 140 Ga. App. 215, 231 S.E.2d 245 (1976)?

3—Whether O.C.G.A. § 2–7–103(a) requires coverage for aviation insurance policies issued to pesticide contractors to include protection for 'persons who may suffer legal damages as a result of the operation of the applicant' with the result that the exclusion relied on by Lloyd's is void and unenforceable because in conflict with that requirement or does it

---

* *See* Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

simply set out the requirements for obtaining a pesticide contractor's license?

The Georgia Supreme Court rendered its decision and answered questions 1 and 2 in the affirmative and answered question 3 by holding that exclusion No. 7 in Lloyd's insurance policy is void because it conflicts with O.C.G.A. § 2–7–103(a). *Kelly, et al. v. Lloyd's of London*, 255 Ga. 291, 336 S.E.2d 772 (as amended Dec. 19, 1985). Accordingly, the district court's judgment must be reversed.

Although it appears that Lloyd's relied solely on exclusion No. 7 to support its claim that the policy did not provide coverage to Kelly for the helicopter accident, the pretrial order entered into by the parties lists other defenses. Therefore, the case is remanded to the district court to finally resolve the issues raised by this declaratory judgment action.

REVERSED and REMANDED.