A89A2173. TERRY v. STEWART TITLE GUARANTY
COMPANY.
(390 SE2d 123)

McMURRAY, Presiding Judge.

Stewart Title Guaranty Company ("Stewart") brought this declaratory judgment action against Lee N. Terry, Jon L. Levine, and Daniel L. Dudley. Stewart alleged that on or about January 12, 1983, Dudley conveyed his interest in certain real property to Levine via quitclaim deed; that, the next day, Stewart issued Levine a title insurance policy insuring Levine's title in and to the property; that, subsequently, Terry brought suit against Dudley and Levine alleging the January 12, 1983, conveyance was fraudulent; that Levine demanded that Stewart defend him in the action brought by Terry; that Stewart is defending Levine in that action pursuant to a reservation of rights and non-waiver agreement entered into between Stewart and Levine; and that, nevertheless, Stewart is of the opinion it has no duty to defend Levine and would not be liable for any damages assessed against Levine in the action brought by Terry. Based on these allegations, Stewart sought a declaration as to its rights and obligations under the title insurance policy and a stay of the action brought by Terry pending resolution of the declaratory judgment proceeding.

Levine answered the complaint, asserting Stewart did have a duty to defend him and to respond to an award of damages (if there was one) in the action brought by Terry. Additionally, Levine counterclaimed, asserting Stewart acted in bad faith and caused him unnecessary trouble and expense and that, therefore, Stewart should be held liable in damages. Terry answered the complaint and also counterclaimed, seeking expenses of litigation because Stewart "without cause, without any basis, for the purpose of delay and harassment, and for the purpose of causing this defendant unnecessary trouble and expense, brought this action. . . ."

Following discovery, Terry moved for summary judgment and Stewart moved for partial summary judgment with regard to its claim against Levine. On January 4, 1988, the trial court granted Stewart's partial summary judgment motion, ruling: "Plaintiff, Stewart Title Guaranty Company, is not obligated under the provisions of the policy . . . to defend or indemnify Jon L. Levine in the case of Lee N. Terry versus Jon L. Levine and Daniel Dudley . . . and further that the Plaintiff, Stewart Title Guaranty Company, has no liability under the provisions of said policy for any damages which may result, or any judgment which may be rendered in said case. . . ." In view of its

ruling, the trial court determined that the portion of Stewart's complaint seeking a stay of the Terry action was moot. Accordingly, a stay of the Terry action was not entered. Finally, the trial court found that there was no just reason for delay and directed the entry of judgment in favor of Stewart and against Levine pursuant to OCGA § 9-11-54 (b).

Thereafter, Levine dismissed his counterclaim against Stewart and, via letter to the trial court, Terry sought a ruling upon his motion for summary judgment, arguing "there is not now, and there has never been, any basis for denominating him a Party Defendant in this case." In response, Stewart moved for summary judgment with regard to the remaining issues and on June 22, 1989, after considering the record, the trial court granted Stewart's summary judgment motion and denied Terry's summary judgment motion. Terry appealed. *Held*:

Even though it entered into a reservation of rights agreement with Levine, it was proper for Stewart to bring a declaratory judgment action to determine whether it was obligated to defend the pending suit brought by Terry against Dudley and Levine. See *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245). Moreover, even if it can be said that, having entered into a reservation of rights agreement with Levine, Stewart was not entitled to seek a stay of the Terry action (id. at 219), we cannot see how Terry was harmed by Stewart's demand for a stay since no such stay was entered. It follows that the trial court did not err in awarding summary judgment to Stewart and denying summary judgment to Terry.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 16, 1990.

*The Nodvin Firm, Marvin P. Nodvin, Donald P. Geary*, for appellant.

*Kilpatrick & Cody, Theodore Brown, Jr., Duncan A. Roush*, for appellee.