[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11395
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 16, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00369-CV-JFK-1

OWNERS INSURANCE COMPANY,

Plaintiff-
Counter-Defendant-
Appellee,

versus

JUDY GORDON, et al.,

Defendants,

ROBERT A. LEE,
BRENDAN C. MURPHY,
BCM CUSTOM HOMES, INC.,
a Georgia corporation,
SARAH M. LEE,
CHESAPEAKE DEVELOPMENT, INC.,
a Georgia corporation,
RAL PROPERTIES AND DEVELOPMENT, INC.,

Defendants-
Cross-Claimants-
Counter-Claimants-
Appellants,

TAYLOR & TURNER INSURANCE SERVICES INC., et al.,

Cross-Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(October 16, 2008)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Chesapeake Development, Inc. ("Chesapeake") appeals the district court's grant of summary judgment in favor of Owners Insurance Company ("Owners"). The district court held that Chesapeake, the insured, failed to provide the requisite notice of a potential copyright lawsuit to Owners, the insurer, and thus Owners was not obligated under the policy to indemnify or defend Chesapeake when the copyright lawsuit was later commenced. After a thorough consideration of the parties' briefs and the record, we affirm the district court.

The insurance policy at issue required Chesapeake to notify Owners "of an 'occurrence' or an offense which may result in a claim" as a precondition for the defense or indemnification of Chesapeake. Such notice was required to be made

"as soon as practicable."  In October 2002, Robert Lee, a principal of Chesapeake, received three letters from Judy Gordon, a principal of Axio Design, LLC ("Axio"), indicating potential legal action over Chesapeake's future use of certain residential designs.  On October 7, Gordon wrote that the residential designs were the property of Axio and that "a licensing fee of $17,500 must be paid to Axio" for any future use of the designs.  On October 15, Gordon wrote: "I am waiting for your response to my recent counteroffer.  Should it not be received by the close of business on Friday, October 18th, I may . . . seek my remedy in court, which would be an expensive and protracted process."  Finally, in response to an October 18 proposal by Lee, Gordon wrote, on October 28: "The fees in my earlier proposal for the use of Axio-owned plans were based upon the fee schedules commonly employed by registered architects in residential design. . . . Furthermore, the house plans in question are the property of Axio.  Any claims to the contrary are false.  Any and all future use of the plans include must compensation to Axio."

We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion.  *Skrtich v. Thornton*, 280 F.3d 1295, 1299 (11th Cir. 2002).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and

3

any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990).

Under the applicable Georgia law, insurance policy provisions which require the insured to provide prompt notice to the insurer of potential claims are common and have been held to be enforceable. *See, e.g.*, *Canadyne-Georgia Corp. v. Cont'l Ins. Co.*, 999 F.2d 1547, 1557 (11th Cir. 1993); *South Carolina Insur. Co. v. Coody*, 957 F. Supp. 234, 237-38 (M.D. Ga. 1997); *Richmond v. Georgia Farm Bureau Mut. Ins. Co.*, 231 S.E.2d 245, 249-50 (Ga. Ct. App. 1976). "'The purpose of a notice provision in an insurance policy is to enable an insurer to investigate promptly the facts surrounding the occurrence while they are still fresh and the witnesses are still available, to prepare for a defense of the action, and, in a proper case, to determine the feasibility of settlement of the claim.'" *Coody*, 957 F. Supp. at 237 (quoting *Richmond*, 231 S.E.2d at 250).

We agree with the district court that Gordon made it clear in her letters that she believed Axio owned the residential designs and that if Chesapeake wanted to use any of the designs, it would be required to pay Axio a licensing fee. Because the Copyright Act grants copyright protection to the owners of a work, Gordon's assertion of Axio's ownership of the designs put Chesapeake on notice of the

4

potentiality of a copyright claim. Chesapeake was required, as a condition precedent to coverage, to provide notice of the potential claim to Owners "as soon as practicable." Chesapeake, however, made no effort to put Owners on notice until approximately three years later (August 2005), after the complaint had been served. Owners, therefore, was not under a duty to indemnify or defend Chesapeake in the lawsuit.[1] Accordingly, we affirm.

**AFFIRMED.**

---

[1] Having held that Chesapeake failed to satisfy the condition precedent of giving practicable notice in October 2002, we do not reach Chesapeake's remaining arguments regarding the sufficiency of notice in August 2005 and thereafter through Mark Verbeke, whom Chesapeake asserts was an agent of Owners.